REPUBLIC IRON & STEEL CO. v. PORTER.

(Circuit Court of Appeals, Sixth Circuit. December 14, 1915.)

No. 2756.

1. MASTER AND SERVANT ☞286—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.
　　Where, in an employé's action for injuries, there was substantial evidence tending to show defendant's negligence, defendant's motion to direct a verdict was properly denied.
　　[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. ☞286.]

2. COURTS ☞405—CIRCUIT COURT OF APPEALS—ASSIGNMENTS OF ERROR—SUFFICIENCY.
　　Rule 11 of the Sixth Circuit (150 Fed. xxvii, 79 C. C. A. xxvii) provides that, when the error alleged is to the charge of the court, the assignment of error shall set out the part referred to totidem verbis, whether it be in instructions given or in instructions refused, and that errors not assigned according to that rule will be disregarded, but that the court at its option may notice a plain error not assigned. Held that the proviso relates only to errors which are obvious upon inspection and of a controlling character, and where in an employé's action for injuries there was substantial evidence of defendant's negligence in one respect, requiring the submission of the case to the jury and making a recovery at least fairly possible on that ground, an error in the charge as to another ground was not of a controlling character, and its consideration was not necessary to prevent a miscarriage of justice, and hence an assignment that the court erred in its charge to the jury would not be considered.
　　[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1099, 1101, 1103; Dec. Dig. ☞405.]

In Error to the District Court of the United States for the Northern District of Ohio; William R. Day, Judge.

Action by Thomas Porter against the Republic Iron & Steel Company. Judgment for plaintiff, and defendant brings error. Affirmed.

H. M. Roberts, of Cleveland, Ohio, for plaintiff in error.
D. F. Anderson, of Youngstown, Ohio, for defendant in error.

Before KNAPPEN and DENISON, Circuit Judges, and McCALL, District Judge.

PER CURIAM. Defendant in error (plaintiff below), while operating an elevator crane for supplying coal to a battery of boilers in defendant's plant, was injured by the escape of hot steam and water, due to the explosion of a boiler tube. Two questions of negligence were submitted to the jury: First, whether the defendant, in failing to inclose the cage in which plaintiff was working, exercised due care to provide plaintiff a safe place to work; and, second, whether like care was exercised in inspecting the boiler tube. Plaintiff had judgment upon a verdict finding for the plaintiff "on the issue joined."

[1, 2] At the most, but two assignments are open for consideration, viz., No. 6, which is addressed to the overruling of defendant's motion to direct verdict, and No. 7, which complains of the charge to the jury. There was substantial evidence tending to show that de-

fendant was negligent in failing to inclose the cage. The motion to direct verdict was thus properly denied. Assignment No. 7 is merely that "the court erred in its charge to the jury." Rule No. 11 of this court (150 Fed. xxvii, 79 C. C. A. xxvii) requires that, when error in the charge is alleged, the assignment "shall set out the part referred to totidem verbis, whether it be in instructions given or in instructions refused," and provides that "when this is not done, counsel will not be heard, except at the request of the court, and errors not assigned according to this rule will be disregarded." The assignment in question disregards the rule, and can, at best, be considered only by virtue of the proviso which permits the court "at its option" to "notice a plain error not assigned." We have frequently had occasion to enforce this rule. The proviso relates only to "errors which are obvious upon inspection and of a controlling character." P. P. Mast. Co. v. Drill Co. (C. C. A. 6th Cir.), 154 Fed. 45, 51, 83 C. C. A. 157, 163, where it was said that "the underlying principle of this reservation * * * is to prevent the miscarriage of justice from oversight."

In view of the fact that there was substantial evidence of defendant's negligence in failing to inclose the cage, so requiring submission to the jury and making plaintiff's recovery at least fairly possible on that ground, we do not think the error, if any (relating to the charge on the other ground), "of a controlling character," or its consideration necessary to "prevent the miscarriage of justice."

The judgment of the District Court is accordingly affirmed, with costs.